# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE H. THOMPSON, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-715-RGA |
| LAWRENCE MCDONALD, M.D., | : |
| Defendant. | : |

Wayne H. Thompson, Sussex Correctional Institution, Georgetown, Delaware.
Pro Se Plaintiff.

## MEMORANDUM OPINION

July 24, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Wayne H. Thompson, Jr. an inmate at Sussex Correctional Institution in Georgetown, Delaware, commenced this action on May 11, 2018 raising claims under 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He requests counsel. (D.I. 7). The Court reviews and screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## I. BACKGROUND

Plaintiff alleges that from April 2013 through November 2013 he was sexually abused by Defendant "under the disguise of [medical] professionalism." (D.I. 3). He seeks compensatory damages. He also requests counsel. (D.I. 7).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a

3

claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. DISCUSSION

The Complaint is time-barred. Plaintiff's claims are raised pursuant to 42 U.S.C. § 1983. For purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions and are also subject to a two year limitation period. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983); *see* 10 Del. C. § 8119; *Johnson v.*

4

*Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

In the Complaint, the last act complained of occurred in November 2013, yet Plaintiff did not file his Complaint until May 7, 2018.[2] It is evident from the face of the Complaint that the claims are barred by the two-year statute of limitations, having been filed approximately two and one-half years after the statute of limitations expired. Therefore, the Court will dismiss the Complaint as legally frivolous pursuant to 28

---

[2]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." A prisoner's filing is deemed filed as of the date it is delivered to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

Here, Plaintiff's Complaint was signed on May 7, 2018. Therefore, the Complaint was delivered to prison authorities for mailing on or after May 7, 2018, the date it was signed and earliest date possible that it could have been delivered to prison officials for mailing.

U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). While I suspect that amendment of the claims would be futile, there is no harm in giving Plaintiff a chance to try.

## IV. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as legally frivolous as time-barred pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (2) dismiss as moot Plaintiff's request for counsel (D.I. 7). Plaintiff may file an amended complaint.

An appropriate order will be entered.